

Michael W. Homer, Esq. (#1535)
Mark J. Morrise (#3840)
*SUITTER AXLAND*
175 South West Temple, Suite 700
Salt Lake City, Utah 84101-1480
Telephone: (801) 532-7300

*Attorneys for Plaintiff Church of Scientology International*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| CHURCH OF SCIENTOLOGY INTERNATIONAL, a California non-profit religious corporation, | : : : | |
| | : | **ATTORNEYS' PLANNING** |
| Plaintiff, | : | **MEETING REPORT** |
| | : | |
| vs. | : | |
| | : | |
| ARTHUR INTERNATIONAL INC., a dissolved Utah corporation, DAVID HIGHAM, SILVIA M. CARVALHO, KENNETH HALL, THOMAS ALHMANN, and DOES 1 THROUGH 10, | : : : : : | Case No.: 2:01-cv-213S Judge David Sam |
| | : | |
| Defendants. | : | |

1.    **ATTORNEYS' MEETING:** Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on  May 15, 2001  at  by telephone conference .

    a.    The following were involved in the telephone conference:   **Mark J. Morrise, (Suitter Axland) for Plaintiff; Mona L. Burton (McKay, Burton & Thurman) for Defendant David Higham; and Jan Allred (Parr Waddoups Brown Gee & Loveless) for Defendant Silvia Carvalho.**

    b.    The parties have discussed the nature and basis of their claims and defenses.

2.    **INITIAL DISCLOSURE:** The parties _____ have exchanged or  **X**  will exchange by  June 1, 2001  the information required by Rule 26(a)(1).

3.     **DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan:

*Use separate paragraphs or subparagraphs as necessary if the parties disagree.*

    a.      Discovery is necessary on the following subjects:   **Liability of Defendants under theories of constructive trust, receiving assets in liquidation, and corporate alter ego; Plaintiff's damages.**

    b.      All discovery will be completed no late than **November 15, 2001**.

    c.      The following discovery methods will be used:

         **25 maximum** Interrogatories        **no limit** Requests for Admission

         **X** Oral Exam Depositions            _____ Written Questions Depositions

         Maximum of 15 for each party        _____ Other discovery methods

    d.      Reports from retained experts under Rule 26(a)(2) will be submitted on:

         **Dec. 15, 2001** by plaintiff(s)        **Jan. 15, 2002** by defendant(s)

    e.      Supplementations under Fed.R.Civ.P 26(e) are due:

         **Within 15 days after supplementary material becomes known**

4.     **OTHER ITEMS:**

    a.      The parties _____ request / **X** do not request a conference with the court prior to entry of the scheduling order.

    b.      The parties request a final pretrial conference in:

         **March 2002**

    c.      The cutoff dates for joining additional parties are:

         Plaintiff(s) **Sep. 15, 2001**        Defendant(s) **Sep. 15, 2001**

    d.      The cutoff dates for amending pleadings are:

         Plaintiff(s) **Sep. 15, 2001**        Defendant(s) **Sep. 15, 2001**

    e.      The cutoff date for filing dispositive or potentially dispositive motions is

         **February 15, 2002**

    f.      The potential for settlement is:       _____ likely       _____ unlikely

         **X** cannot be evaluated prior to:   **Nov. 15, 2001**

g.    The potential for resolution of this matter through the court's alternative dispute resolution program is

Via arbitration:    \_\_\_\_\_ likely    \_\_\_\_\_ unlikely

  **X**   cannot be evaluated prior to:  **Nov. 15, 2001**

Via mediation::    \_\_\_\_\_ likely    \_\_\_\_\_ unlikely

  **X**   cannot be evaluated prior to:  **Nov. 15, 2001**

h.    Final lists of witnesses and exhibits pursuant to Fed.R.Civ.P 26(a)(3) are due by: *specify dates*.

  **30 days before trial**  from plaintiff(s)  **30 days before trial**  from defendant(s)

i.    The parties should have **15** days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

j.    This case should be ready for trial by:  **April 1, 2002**

k.    The estimated length of the trial is:  **5 days**

**5.**    **COUNTERPARTS**: This Report will be effective if executed in separate counterparts.

SUITTER AXLAND

Date: 5-22-2001

Michael W. Homer
Mark J. Morrise
Thomas M. Price
*Attorneys for Plaintiff*

MCKAY, BURTON & THURMAN

Date: 5-24-01

Mona Lyman Burton
*Attorneys for David Higham*

-3-

PARR WADDOUPS BROWN GEE & LOVELESS

Date: _My 23, 2001_

_____

Jan Allred
*Attorneys for Silvia M. Carvalho*

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Attorneys' Planning**

**Meeting Report** was mailed, first class United States mail, postage prepaid, on this 29 day of

May_____, 2001, to the following:

> Jan Allred, Esq.
> PARR WADDOUPS BROWN GEE & LOVELESS
> 185 South State #1300
> Salt Lake City, Utah 84111
>      *Attorneys for Silvia M. Carvalho*
>
> Mona Lyman Burton, Esq.
> MCKAY, BURTON & THURMAN
> 600 Gateway Tower East
> 10 East South Temple
> Salt Lake City, Utah 84133
>      *Attorneys for David Higham*

*G:\7001\1\Attorneys' Planning Meeting.wpd*