Michael W. Homer, Esq. (#1535)
Mark J. Morrise (#3840)
*SUITTER AXLAND*
175 South West Temple, Suite 700
Salt Lake City, Utah 84101-1480
Telephone: (801) 532-7300

FILED
CLERK, U.S. DISTRICT COURT
31 AUG 01 PM 4: 27
DISTRICT OF UTAH
BY: ⁷ᵐ
DEPUTY CLERK

*Attorneys for Plaintiff Church of Scientology International*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHURCH OF SCIENTOLOGY INTERNATIONAL, a California non-profit religious corporation, | |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| ARTHUR INTERNATIONAL INC., a dissolved Utah corporation; DAVID HIGHAM; KENNETH HALL; THOMAS AHLMANN; ROBIN HANSEN; ARTHUR UK LIMITED, a United Kingdom private limited company; ARTHUR U.K. LTD, a dissolved United Kingdom private limited company; and DOES 1 THROUGH 10, | Case No.: 2:01-cv-213S<br><br>Judge: David S. Sam |
| Defendants. | |

Plaintiff hereby complains and alleges against Defendants as follows:



## PARTIES AND JURISDICTION

1.      Plaintiff CHURCH OF SCIENTOLOGY INTERNATIONAL ("CSI") is a non-profit, religious corporation organized and existing under the laws of the state of California with its principal place of business in the state of California, and is a citizen of the state of California.

2.      Defendant Arthur International Inc. ("Arthur International") was organized on February 11, 1998 under the laws of the state of Utah as a for-profit corporation with a principal place of business in Park City, state of Utah. During its existence, Arthur International was a citizen of the state of Utah. Arthur International was voluntarily dissolved on January 18, 2001. As a dissolved corporation, Arthur International is subject to being sued pursuant to *U.C.A. § 16-10a-1405(2)(e) (1953, as amended)*.

3.      Defendant David Higham ("Higham") is an individual who is a citizen of the state of Utah and who is believed to reside in Ephraim, state of Utah.

4.      Defendant Kenneth Hall (hereafter "Hall") is an individual who is believed to be a citizen of the state of Utah or of the country of Denmark and is believed to reside in Soborg, Denmark. At all times relevant to this action, Hall was carrying out the wrongful acts alleged herein, within the state of Utah personally and/or through his agent(s).

5.      Defendant Thomas Ahlmann (hereafter "Ahlmann") is an individual who is believed to be a citizen of the state of Utah or of the country of England and is believed to reside in the city of Maidstone, county of Kent, England. At all times relevant to this action, Ahlmann was carrying out the wrongful acts alleged herein, within the state of Utah personally and/or through his agent(s).

6. Defendant Robin Hansen (hereafter "Hansen") is an individual who is believed to be a citizen of the country of Denmark and whose place of residence is currently unknown. At all times relevant to this action, Ahlmann was carrying out the wrongful acts alleged herein, within the state of Utah personally and/or through his agent(s).

7. Defendant Arthur UK Limited is a private limited company organized under the laws of the United Kingdom; is believed to be the alter ego of Hall, Ahlmann, or Hansen; and carried out the wrongful acts alleged herein within the state of Utah through its alter ego.

8. Defendant Arthur U.K. Ltd. is a dissolved private limited company organized under the laws of the United Kingdom; is believed to be the alter ego of Hall, Ahlmann, or Hansen; and carried out the wrongful acts alleged herein within the state of Utah through its alter ego.

9. Does One through Ten are individuals, unknown at this time, who were shareholders, directors, or officers of Arthur International or corporate affiliates of Arthur International at the times relevant to this Complaint, and at all times relevant to this action, any of Does One through Ten who resided outside the state of Utah were carrying out the wrongful acts alleged herein within the state of Utah personally and/or through their agent(s).

10. The amount in controversy exceeds $75,000.

11. This Court has subject matter jurisdiction pursuant to *28 U.S.C. § 1332*.

12. This Court has jurisdiction over defendants Hall, Ahlmann, Hansen, Arthur UK Limited, Arthur U.K. Ltd., and all of Does One through Ten who reside outside the state of Utah, pursuant to *U.C.A. § 78-27-24 (1953, as amended)*.

13. Venue in this district is proper pursuant to *28 U.S.C. § 1391*.

## GENERAL ALLEGATIONS

14. In August 1999, CSI and Arthur International signed a written agreement entitled "Revised Independent Contractor Agreement" (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by this reference, wherein Arthur International agreed to perform certain services for CSI (the "agreed services"), including without limitation the translation of three books from English into 36 foreign languages and the translation of four books and one additional work from English into 13 foreign languages.

15. In this Complaint, the books and the additional work that were to be translated are collectively referred to as the "source documents"; the foreign languages into which the source documents were to be translated are collectively referred as the "target languages"; the persons who were to do the translations are collectively referred to as the "translators"; and the translations of the source documents into the target languages, whether fully or partially completed, are collectively referred to as the "manuscripts."

16. Under the Agreement, CSI agreed to pay $865,868.00 (the "contract price") to Arthur International as compensation for the agreed services.

17. To date, CSI has paid $815,868.00 to Arthur International for the agreed services, leaving only $50,000 of the contract price unpaid.

18. Under the Agreement, the final $50,000 payment is not due until all translations have been completed by Arthur International and accepted by CSI.

19. Arthur International has failed to perform the agreed services.

20. On information and belief, CSI alleges that Arthur International is now defunct, having voluntarily dissolved on January 18, 2001.

21. CSI has attempted to obtain from Arthur International the work product it has produced to date under the Agreement, including without limitation the manuscripts, and has attempted to obtain the names of the translators, but Arthur International has failed and refused to provide this work product and translators' names to CSI.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

22. Plaintiff incorporates paragraphs 1 through 21 above as if set forth here in their entirety.

23. CSI entered into a contract with Arthur International, as set forth in the Agreement.

24. CSI has performed under its obligations under the Agreement.

25. Arthur International has breached the Agreement by failing to perform the agreed services.

26. Arthur International's breach of contact has damaged CSI in an amount to be proved at trial, but in any event no less than $815,868.00

## SECOND CAUSE OF ACTION
### (Quantum Meruit / Unjust Enrichment)

27. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26 above as if set forth here in their entirety.

28. CSI bestowed a benefit on Arthur International by paying it $815,868.00.

29. Arthur International accepted the benefit bestowed on it by CSI.

30. Arthur International has not provided CSI services that benefit CSI in an amount equal to the benefit bestowed by CSI on Arthur International.

31. It would be unjust and inequitable to allow Arthur International to retain the benefit it has received from CSI.

32. Arthur International has been unjustly enriched by the $815,868.00 it received from CSI, and that unjust enrichment has damaged CSI in an amount to be proven at trial but in no event less than $815,868.00.

### THIRD CAUSE OF ACTION
### (Fraudulent Misrepresentation)

33. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 32 above as if set forth here in their entirety.

34. When Arthur International entered into the Agreement, its shareholders, directors, and officers who were aware of the Agreement (the "involved principals") had a present intention not to perform the agreed services or had a present knowledge that Arthur International was incapable of performing the agreed services for the contract price.

35. The state of mind of the involved principals is a presently existing fact.

36. The involved principals misrepresented their state of mind for the purpose of deceiving CSI and inducing it to enter into the Agreement.

37. CSI justifiably relied on the involved principals' misrepresentation of their state of mind by entering into the Agreement.

38. CSI's justifiable reliance on the involved principals' misrepresentations has damaged CSI in an amount to be proven at trial, but in no event less than $815,000.

39. Arthur International is chargeable with and liable for the involved principals' state of mind, knowledge, and fraudulent misrepresentations.

40. In making the above-described fraudulent misrepresentations, the involved principals and Arthur International were aware that the fraudulent misrepresentations would, in a high degree of probability, result in substantial harm to CSI; the involved principals' and Arthur International's conduct was highly unreasonable; and their conduct occurred in a situation where a high degree of danger to CSI is apparent.

41. The involved principals and Arthur International's fraudulent misrepresentations constitute conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights CSI,.so as to entitle CSI to an award of punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
(Replevin)

42. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 41 above as if set forth here in their entirety.

43. As part of the agreed services, Arthur International agreed to translate the source documents into the target languages. A detailed list of the source documents and target languages is found on Exhibits A-1 and A-2 to the Agreement, attached hereto as Exhibit A.

44. On information and belief, CSI alleges that some of the source documents are now in various stages of being translated.

45. Because of its prepayment of $815,868.00 to Arthur International, CSI is the legal and equitable owner of all tangible and intangible property that has been created pursuant to the Agreement (the "work product"), including manuscripts, and is entitled to possession of the work product.

46. CSI has requested Arthur International to deliver the work product to CSI, but Arthur International has failed and refused to do so.

47. Arthur International is wrongfully detaining the work product.

48. The work product has not been taken for a tax, assessment, or fine pursuant to statute, or seized under an execution or attachment of the property of CSI.

49. CSI is entitled to an order from this Court granting CSI immediate possession of the work product and requiring Arthur International to disclose to CSI the names of all translators so that CSI can arrange to complete the translations of the source documents into the target languages.

### FIFTH CAUSE OF ACTION
### (Pre-Judgment Writ of Attachment)

50. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 49 above as if set forth here in their entirety.

51. Arthur International is indebted to CSI in the amount of no less than $815,868.00.

52. The payment of this amount is not secured by real or personal property

53. On information and belief, CSI alleges that the $815,868.00 is deposited in one or more bank accounts or has been used to purchase items of property.

54. CSI is justly apprehensive that unless it is allowed to attach Arthur International's assets, including without limitation the bank accounts in which the $815,868.00 is deposited and any property purchased with the $815,868.00, CSI will be unable to recover the $815,868.00.

55. CSI is entitled to Pre-Judgment Writs of Attachment issued by this Court attaching Arthur International's assets, including any bank accounts in which the $815,868.00 is deposited and any property purchased with the $815,868.00.

## SIXTH CAUSE OF ACTION
### (Constructive Trust)

56. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 55 above as if set forth here in their entirety.

57. On information and belief, CSI alleges that Defendants Hall, Ahlmann, Hansen, Higham, and Does One through Ten (the "individual Defendants") were shareholders of Arthur International at all times relevant to this complaint.

58. Arthur International filed a voluntary dissolution on January 18, 2001.

59. To the extent that the assets of Arthur International were distributed to the shareholders as part of the dissolution, the shareholders of Arthur International hold those assets in trust for the creditors of Arthur International, including CSI, and take those assets subject to Arthur International's unpaid or unfulfilled obligations to its creditors.

60. CSI is entitled to an order from this Court imposing a constructive trust for the benefit of CSI on all assets of Arthur International in the hands of the individual Defendants.

## SEVENTH CAUSE OF ACTION
## (Statutory Claim Against Shareholder of a Dissolved Corporation)

61. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 60 above as if set forth here in their entirety.

62. On information and belief, CSI re-alleges that Defendants Hall, Ahlmann, Hansen, Higham, and Does One through Ten (the "individual Defendants") were shareholders of Arthur International at all times relevant to this complaint.

63. On information and belief, CSI alleges that some or all of the assets of Arthur International were distributed to the shareholders in liquidation.

64. Pursuant to U.C.A. § 16-10a-1408, each shareholder who received assets in liquidation is liable to CSI in the amount of those assets, valued at the time of distribution.

## EIGHTH CAUSE OF ACTION
## (Alter Ego/Piercing the Corporate Veil)

65. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 64 above as if set forth here in their entirety.

66. At all times relevant to this Complaint:

    A. Defendant Hall was president and a director of Arthur International

    B. Defendant Ahlmann was secretary and a director of Arthur International.

    C. Defendant Hansen was an officer of Arthur International.

    D. Defendant Higham was the registered agent of Arthur International.

    E. One or more of Does One through Ten may have also been directors or officers of Arthur International.

67.     On information and belief, CSI alleges that Defendants Hall, Ahlmann, Hansen, Higham, and one or more of Does One through Ten (the "individual Defendants") were shareholders of Arthur International at all times relevant to this complaint.

68.     On information and belief, Plaintiff alleges that defendants Arthur UK Limited and Arthur U.K. Ltd. are owned or managed by Hall, Ahlmann, or Hansen.

69.     On information and belief, CSI alleges that the individual Defendants have engaged in various acts in their use of the corporate form of Arthur International, Arthur UK Limited, and Arthur U.K. Ltd. that would result in an injustice if these Defendants are allowed to avail themselves of the corporate shield, including, without limitation, use of the corporate form as a facade for the operations of the individual Defendants, use of corporate funds for their personal benefit, use of corporate property for their personal benefit, failure to observe corporate formalities, failure to hold annual corporate meetings, failure to prepare corporate minutes and resolutions, failure to file corporate tax returns, co-mingling of corporate funds with personal funds, failure to pay dividends, and similar types of acts.

70.     The individual Defendants have so dominated and controlled Arthur International Arthur UK Limited, and Arthur U.K. Ltd. that they no longer have an existence separate from the individual Defendants.

71.     There is such a unity of ownership and interest that the separate personalities of Arthur International, Arthur UK Limited, Arthur U.K. Ltd. and the individual Defendants no longer exist, and in fact Arthur International, Arthur UK Limited, and Arthur U.K. Ltd. are the alter egos of the individual Defendants.

72. The observance of the corporate form of Arthur International, Arthur UK Limited, and Arthur U.K. Ltd. would sanction the individual Defendants' fraud, would promote injustice, and would lead to an inequitable result in this case.

### NINTH CAUSE OF ACTION
### (Fraudulent Conveyance)

73. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 72 above as if set forth here in their entirety.

74. On information and belief, Plaintiff alleges that one or more of the Defendants transferred assets of Arthur International to Arthur UK Limited or Arthur U.K. Ltd., or both.

75. Plaintiff's claims against Arthur International arose before such transfers.

76. On information and belief, Plaintiff alleges that the Defendants who made such transfers did so with actual intent to hinder, delay, or defraud Plaintiff.

77. On information and belief, Plaintiff alleges that Arthur International did not receive a reasonably equivalent value for such transfers, and Arthur International:

   A. Was engaged or was about to engage in a business or transaction for which the remaining assets of Arthur International were unreasonably small in relation to the business or transaction; and

   B. Intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

78.     On information and belief, Plaintiff alleges that Arthur International made such transfers without receiving a reasonably equivalent value in exchange for the transfers and Arthur International was insolvent when such transfers were made.

79.     Such transfers were fraudulent pursuant to U.C.A. §§ 25-6-5 and 25-6-6, and Plaintiff is entitled to an order granting Plaintiff relief pursuant to U.C.A. § 25-6-8.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.     On its First Cause of Action, for a judgment in favor of CSI against Defendant Arthur International Inc., in an amount to be proven at trial, but in no event less than $815,868.00, for the damages and injury to CSI resulting from Arthur International's breach of contract.

2.     On its Second Cause of Action, for a judgment in favor of CSI against Defendant Arthur International Inc. in amount to be proved at trial, but in no event less than $815,868.00, for the injury and damages to CSI resulting from Arthur International's unjust enrichment.

3.     On its Third Cause of Action, for judgment in favor of CSI against Defendant Arthur International in an amount to be proved at trial, but in no event less than $815,000, for compensatory damages incurred by CSI as a result of Arthur International Inc.'s fraudulent misrepresentations; and for an award of punitive damages in favor of CSI against Arthur International for its knowing and reckless indifference toward, and a disregard of, CSI's rights, in an amount to be determined in accordance with applicable standards for punitive damages.

4.     On its Fourth Cause of Action, for a Writ of Replevin requiring Defendant Arthur International to deliver to CSI all work product, including translations, created by CSI or its agents

or independent contractors pursuant to the Agreement; and for an order that Arthur International identify all persons who acted as translators of the source documents.

5. On its Fifth Cause of Action, for such Pre-Judgment Writs of Attachment as are necessary to protect CSI's interests in recovering the funds it previously paid to Arthur International.

6. On its Sixth Cause of Action, for an order from this Court imposing a constructive trust for the benefit of CSI on all assets of Arthur International in the hands of Defendants Hall, Ahlmann, Hansen, Higham, and Does One through Ten, and restraining these Defendants from transferring, assigning, selling, disposing of, hiding, or concealing these assets.

7. On its Seventh Cause of Action, for a judgment in favor of CSI against each Defendant who received assets in liquidation in the amount of those assets, valued at the time of distribution.

8. On its Eighth Cause of Action, for judgment in favor of CSI against Defendants Hall, Ahlmann, Hansen, Higham, Arthur UK Limited, Arthur U.K. Ltd., and Does One through Ten, declaring Arthur International, Arthur UK Limited and Arthur U.K. Ltd. to be the alter egos of the individual Defendants; making the individual Defendants, Arthur UK Limited, and Arthur U.K. Ltd. liable for the compensatory and punitive damages awarded in favor of CSI against Arthur International under the First, Second, and Third Causes of Action; ordering these Defendants to perform the acts that Arthur International is ordered to perform under the Fourth Cause of Action; and subjecting these Defendants' assets to the Writs of Attachment issued under the Fifth Cause of Action.

9. On its Ninth Cause of Action, for a judgment and order against Arthur UK Limited and Arthur U.K. Ltd.:

A. Levying execution against the assets transferred to Arthur UK Limited and Arthur U.K. Ltd. in the amount of Plaintiff's judgment against Arthur International;

B. Avoiding the transfers made to Arthur UK Limited and Arthur U.K. Ltd. to the extent necessary to satisfy Plaintiff's claims against Arthur International and ordering Arthur UK Limited and Arthur U.K. Ltd. to all monies transferred, if any, into this Court;

C. Attaching the assets transferred to Arthur UK Limited and Arthur U.K. Ltd.;

D. Appointing a receiver to take charge of the assets transferred; and

E. Granting such other relief as the circumstances may required.

in the amount of the funds fraudulently conveyed from Arthur International to Arthur UK Limited or Arthur U.K. Ltd.

10. For CSI's costs of suit and attorney fees incurred in this action.

11. For such other and further relief as the Court deems appropriate or just.

DATED this 30th day of August, 2001.

SUITTER AXLAND

By: _____
Michael W. Homer
Mark J. Morrise
*Attorneys for Plaintiff*

Plaintiff's Address:
Church of Scientology International
6331 Hollywood Road
Los Angeles, California 90028

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, a true and correct copy of ***Plaintiff Church of Scientology's Amended Complaint*** was served by first-class United States mail, postage pre-paid, to:

Mona Lyman Burton, Esq.
MCKAY, BURTON & THURMAN
600 Gateway Tower East
10 East South Temple
Salt Lake City, Utah 84133
   *Attorneys for David Higham*

Kenneth Hall
206 Broadwater Road
West Malling, Kent
ME19 6HU
England, U.K.

Tom Ahlmann
The Coppins
Copper Tree Court
Maidstone, Kent
ME15 9RW
England, U.

By: _Mark J. Morrise_

G:\7001\1\Pleadings\Amended Complaint.wpd

-16-